IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID W. SWAFFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-00842-CV-RK ) |
| CAROLYN COLVIN, Acting Commissioner of Social Security[1]; | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED.**

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

(8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe mental impairments: affective disorder, anxiety disorder, and cognitive disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with non-exertional limitations. Although the ALJ found the Plaintiff unable to perform any past relevant work, the ALJ found there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, the issues raised by Plaintiff in support of reversing the ALJ's decision are: (1) whether the ALJ properly weighed the medical opinion evidence in the record and (2) whether substantial evidence supports the ALJ's RFC determination.

In assessing Plaintiff's RFC, the ALJ properly considered and weighed the available medical opinion evidence.[2] *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir. 2010) (an ALJ must assess a claimant's RFC based on all relevant evidence); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (while the ALJ's assessment must be supported by some medical evidence, it is not limited to considering medical evidence exclusively). The ALJ considered Plaintiff's testimony, Plaintiff's medical treatment records, and the physicians' medical opinions. Upon review of the parties' briefs, the record, and applicable authority, the Court finds that substantial evidence supports the ALJ's RFC determination and the ALJ's determination that Plaintiff was not disabled during the relevant time period.

---

[2] The treating physician's, Dr. Fristo, treatment notes dated May 7, 2015, through May 29, 2015, were not considered by the ALJ because the ALJ's decision was made on March 23, 2015. The Appeals Council correctly noted the new information from Dr. Fristo concerned a later time, and therefore, is immaterial as to the ALJ's March 23, 2015, decision. The Appeals Council directed, and this Court agrees, that Plaintiff must reapply for Social Security disability benefits for Dr. Fristo's May 2015 treatment notes to be considered. *See* 20 C.F.R. §§404.620(a) and 404.970(b).

## Conclusion

Accordingly, IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED.**

                                                         s/ Roseann A. Ketchmark
                                                         ROSEANN A. KETCHMARK, JUDGE
                                                         UNITED STATES DISTRICT COURT

DATED: September 22, 2017